IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| DOLGENCORP OF TEXAS, INC., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| PEPSICO, INC., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Dolgencorp of Texas, Inc. ("Dolgencorp"), by and through its attorneys, and for its cause of action against Defendant PepsiCo, Inc., respectfully shows the Court as follows:

### PARTIES

1. Dolgencorp was, is, and continuously has been a corporation organized and existing under the laws of the State of Kentucky and having its principal place of business in the State of Tennessee. Dolgencorp is a subsidiary of Dollar General Corporation and is responsible for the operation, maintenance, control and/or ownership of Dollar General stores in Texas, including Dollar General store No. 19723, which is located at 2074 FM 89, Buffalo Gap, Texas 79508.

2. Defendant PepsiCo, Inc. ("PepsiCo") was, is, and continuously has been a corporation organized and existing under the laws of the State of North Carolina and having its principal place of business in the State of New York.  PepsiCo can be served with process through its registered agent for service, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX, 75201-3136, or wherever it may be found.

**PLAINTIFF'S ORIGINAL COMPLAINT - Page 1**

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      This lawsuit arises from Defendant's breach of contract and failure indemnify and defend Plaintiff in connection with a personal injury claim filed by Oscar Molina against Dolgencorp for personal injuries allegedly sustained by Oscar Molina at the Dollar General located at 2074 FM 89, Buffalo Gap, Texas 79508, in Taylor County, Texas, and which store is owned and operated by Dolgencorp.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Taylor County, Texas, which lies within the Northern District of Texas, Abilene Division.

## FACTS

6.      On or about July 29, 2022, PepsiCo and multiple Dollar General entities, including Dolgencorp, entered into a Packaged Beverage Product and Equipment Placement Agreement ("Beverage Agreement") regarding the placement of PepsiCo owned beverage cooling equipment by local PepsiCo Bottlers in certain Dollar General stores.

7.      This agreement included the placement by PepsiCo of a refrigerated cooler at the Dollar General, store No. 19723, located in Buffalo Gap, Texas.

8.      On August 11, 2023, Oscar Molina visited the Dollar General store in Buffalo Gap, Texas to purchase grocery items.

PLAINTIFF'S ORIGINAL COMPLAINT - Page 2

9.      While shopping at the Dollar General store in Buffalo Gap, Texas, Oscar Molina slipped and fell on water that was reportedly leaking from a refrigerated cooler that was owned, operated and maintained by PepsiCo and claims he was injured.

10.     On December 5, 2024, Oscar Molina filed suit against Dolgencorp and PepsiCo seeking damages stemming from the alleged August 11, 2023, slip and fall incident.

11.     That lawsuit, styled Oscar Molina v. Dolgencorp of Texas, Inc. and PepsiCo, Inc., and having Civil Action No. 1:25-cv-008-H-Bu, is pending in the United States District Court for the Northern District of Texas, Abilene Division.

12.     Pursuant to paragraph 4 of the above referenced Beverage Agreement between PepsiCo and Dollar General/Dolgencorp, the Bottler Equipment, including the refrigerated cooler at issue in this case, "shall, at all times, remain the sole property of the participating local [PepsiCo] Bottlers, who shall remain responsible for repairing, cleaning and maintaining the Bottler Equipment in good working order and condition."

13.     In addition, the Beverage Agreement further provides that the Local Bottler "shall retain the exclusive right to repair . . . any and all Bottler Equipment" placed in a Dollar General store and that Dollar General "shall not itself, and shall not permit any other party to, repair . . . any Bottler Equipment . . .."

14.     The Beverage Agreement in paragraph 12 includes an indemnification agreement pursuant to which PepsiCo agreed to be responsible for any breach of the Agreement, and in which PepsiCo further agrees to and "shall indemnify, defend and hold harmless, at no cost to Customer [Dolgencorp], Dollar General Corporation, any affiliated or subsidiary entities . . . from and against any and all claims, allegations, actions, demands, liabilities, losses, damages, injuries, illnesses, judgments, settlements, costs and expenses (including reasonable attorney's fees) that may be

**PLAINTIFF'S ORIGINAL COMPLAINT - Page 3**

based in whole or in part, or otherwise arise from or relate to any Pepsi Packaged Product or the Bottler Equipment or the acts and omissions of Pepsi or an entity for which Pepsi is responsible." By definition, the Bottler Equipment includes the refrigerated cooler in question.

15.    The indemnification agreement further expressly provides: "This indemnification is one of **first defense and payment, not of reimbursement or surety**, and shall survive the expiration or termination of this Agreement." (emphasis supplied).

16.    Dolgencorp has on more than one occasion tendered the defense of the claim and lawsuit filed against it by Oscar Molina to Defendant PepsiCo, but PepsiCo has to date refused to honor its obligations under the Beverage Agreement and has rejected Dolgencorp's request for defense and indemnity.

### BREACH OF CONTRACT AND FRAUD

17.    Plaintiff Dolgencorp reasserts and repleads, by reference, the allegations contained in the foregoing paragraphs as if fully set forth herein. The forgoing acts and omissions of PepsiCo constitute a breach of the terms of the Beverage Agreement between PepsiCo and Dollar General, including Dolgencorp, in connection with the terms, representations and warranties described above.

### ACTION FOR INDEMNITY

18.    Plaintiff Dolgencorp reasserts and repleads, by reference, the allegations contained in the foregoing paragraphs as if fully set forth herein. Pursuant to the terms of the Beverage Agreement entered into by and between PepsiCo and Dolgencorp, as described above, Defendant PepsiCo is liable to Plaintiff Dolgencorp for indemnity and defense as to Oscar Molina's claim against Dolgencorp.

19.     Therefore, Plaintiff Dolgencorp brings this action against Defendant PepsiCo for indemnity for all claims asserted against Dolgencorp herein in an amount within the jurisdictional limits of this Court, including but not limited to an award of all attorney's fees incurred by Dolgencorp in defending the lawsuit filed by Oscar Molina and in bringing this lawsuit to secure PepsiCo's compliance with the contract, including the indemnity obligation.

20.     Pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial of this matter.

21.     WHEREFORE, PREMISES CONSIDERED, Plaintiff Dolgencorp prays that:

1.  Defendant PepsiCo be cited to appear and answer herein;

2.  In the unlikely event that Plaintiff Dolgencorp is in any way found to be liable to Oscar Molina for any amount in the pending suit filed by Oscar Molina, Civil Action No. 1:25-cv-008-H-Bu, that Plaintiff Dolgencorp have and recover judgment against PepsiCo for contractual damages and for indemnity, as set forth above and pursuant to the Beverage Agreement, together with prejudgment and post-judgment interest on all amounts awarded herein at the maximum rates allowed by law;

3.  Plaintiff Dolgencorp recover its reasonable and necessary attorneys' fees from PepsiCo, together with all costs of court; and

4.  Plaintiff Dolgencorp be awarded all such other and further relief, both general and special, in law or in equity, to which it may be justly entitled.

[Signature block on next page]

**PLAINTIFF'S ORIGINAL COMPLAINT - Page 5**

Respectfully submitted,

EKVALL & BRYNE, L.L.P.

/s/ Ignacio Barbero
Michael A. Hummert
Lead Attorney
State Bar No. 10272000
mhummert@ekvallbyrne.com
Ignacio Barbero
State Bar No. 00796162
ibarbero@ekvallbyrne.com
4450 Sigma Road, Suite 100
Dallas, Texas 75244
Telephone: (972) 239-0839
Facsimile: (972) 960-9517

ATTORNEYS FOR PLAINTIFF
DOLGENCORP OF TEXAS, INC.